**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FRED MADDOX,**

                                        **Plaintiff,**

        **vs.**                                                **5:14-CV-01068**
                                                              **(MAD/TWD)**

**FRANK L. FOWLER,** *as Chief of Police of Syracuse*
*Police Department***; SYRACUSE POLICE**
**DEPARTMENT; CITY OF SYRACUSE; KEVIN**
**WALSH,** *as Sheriff of Onondaga County***;**
**ONONDAGA COUNTY SHERIFF'S**
**DEPARTMENT; and ONONDAGA COUNTY,**

                                        **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**OFFICE OF STEWART L. WEISMAN**        **STEWART L. WEISMAN, ESQ.**
201 East Jefferson Street
Suite 302
Syracuse, New York 13202
Attorneys for Plaintiff

**CITY OF SYRACUSE CORPORATION**        **AIMEE M. PAQUETTE, ESQ.**
**COUNSEL**
233 East Washington Street
Room 301 City Hall
Syracuse, New York 13202
Attorneys for the City Defendants

**ONONDAGA COUNTY ATTORNEY'S**          **KAREN ANN BLESKOSKI, ESQ.**
**OFFICE**
John H. Mulroy Civic Center
421 Montgomery Street
10th Floor
Syracuse, New York 13202
Attorneys for the County Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

# I. INTRODUCTION

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights in connection with an arrest that occurred on or about June 3, 2011. *See* Dkt. No. 1 at 3. On January 7, 2015, the City of Syracuse, Frank L. Fowler and the Syracuse Police Department ("City Defendants") filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 9. On January 14, 2015, Onondaga County, the Onondaga County Sheriff's Department and Kevin Walsh ("County Defendants") filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 10. Plaintiff opposed Defendants' motions to dismiss the complaint, filed a cross-motion to amend his complaint, and submitted a proposed amended complaint in support of his motion. *See* Dkt. No. 11. On February 4, 2015, the City Defendants and County Defendants moved to dismiss Plaintiff's verified complaint in its entirety and opposed Plaintiff's motion to amend the complaint. *See* Dkt. Nos. 13, 14.

Presently before the Court are Defendants' motions to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), as well as Plaintiff's cross motion to amend his complaint.

## II. BACKGROUND

### A.     Plaintiff's Original Complaint

Plaintiff commenced this action on August 29, 2014, alleging that, on or about June 3, 2011, he was arrested in his home by officers of the Syracuse Police Department ("PD") for violating Penal Law 120.14, Menacing – 2nd, for allegedly uttering threatening words and brandishing a weapon at Jerry Muldrow. *See* Dkt. No. 1 at 3. On November 25, 2014, Magistrate Judge Dancks adjourned the Rule 16 Conference set for December 3, 2014. Thereafter, on November 26, 2014, Magistrate Judge Dancks granted an extension of time for Plaintiff to serve the complaint on Defendants to December 31, 2014. In accordance with this extension, Plaintiff

served all Defendants with a Summons, Verified Complaint and General Order on December 30, 2014.

In his original complaint, Plaintiff alleges that, at the time of his arrest, there were no witnesses to the alleged incident, no evidence in support of Muldrow's allegations, and that the Syracuse PD and its officers knew or should have known that Muldrow himself was not a credible witness. *Id.* The Syracuse PD officers who arrested Plaintiff at his home gained entry by allegedly falsely representing that they had secured a warrant for Plaintiff's arrest. *See id.* However, according to Plaintiff's complaint, the Syracuse PD officers failed to produce a warrant and, "upon information and belief, no warrant was in existence at the time of Maddox's arrest." *See id.* at 3-4. The Syracuse PD officers handcuffed Plaintiff and transported him to the Justice Center, a place of confinement operated by the Onondaga County Sheriff's Department. Plaintiff was held at the Justice Center for six days.[1] *See id.* at 4. During this period, Plaintiff was denied prescription medication for pain that he experienced due to a recent surgery. *See id.* at 4. On August 30, 2011, the charges against Plaintiff were dismissed pursuant to an order of the Honorable James Cecile, Syracuse City Court Judge. *See id.*

Collectively, Plaintiff contends that the City and County Defendants' actions as described above constituted false arrest, false imprisonment, assault, battery, and cruel and inhuman punishment, and were done with reckless disregard and/or deliberate indifference to his Constitutional rights as set forth in the Fourth, Fifth, Eighth and Fourteenth Amendments. *See id.*

---

[1] The County Defendant's Reply Memorandum of Law alleges that, "...County records indicate that Plaintiff was released from the Justice Center on June 7, 2011, four (4) days later, not the six (6) days alleged in the Complaint." See Dkt. No. 13-1 at 3-4. The background information is taken from Plaintiff's complaint. These are not findings of fact by the Court. In reviewing the complaint, the Court accepts as true all factual allegations and draws all reasonable inferences in Plaintiff's favor for purposes of the pending motions. *See ATSI Commc'n, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

at 5.  Further, Plaintiff alleges in Counts Two and Three that Chief Fowler, the City of Syracuse and the Syracuse PD, as well as Sheriff Walsh, Onondaga County and the Onondaga Sheriff's Department had policies and procedures in place which permitted the alleged constitutional violations and that the City and County Defendants failed to properly train and supervise their employees.  *See id.* at 7-10.

**B.    Defendants' Motions to Dismiss**

On January 7, 2014, the City Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim, arguing, among other things, that: (1) all claims against the Syracuse PD should be dismissed because a police department does not have its own legal identity; (2) Plaintiff's false arrest, false imprisonment, unlawful search and seizure, excessive force and deprivation of medical care claims were filed outside of the applicable statute of limitations and, as such, are time barred; and (3) Plaintiff's *Monell* claim must be dismissed due to a lack of an underlying constitutional violation by a state actor.  *See* Dkt. No. 9.

On January 14, 2014 the County Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim, adopting the arguments set forth in the City Defendants' motion.  *See* Dkt. No. 10-2 at 5.  Further, the County Defendants argue that the Plaintiff's official capacity suit against former Sheriff Kevin Walsh should be dismissed because, for purposes of Section 1983 claims, suits against a municipal officer in his or her official capacity are tantamount to suits against the entity for which the officer serves as an agent.  *See id.* at 4.  As such, the County Defendants argue that it is unnecessary to name former Sheriff Walsh in his official capacity because the County of Onondaga is already a named defendant in the action.  Additionally, the County Defendants set forth that the Onondaga County Sheriff's Department is not a legal entity subject to suit.  *See id.* at 4-5.  The County Defendants also claim that Plaintiff's complaint as it

relates to violations of the Fifth, Eighth and Fourteenth Amendments must be dismissed. *See id.* at 6-7. Lastly, the County Defendants state that "Plaintiff appears to be alleging a claim of negligence as part of his claims under 42 U.S.C. Section 1983. However, Plaintiff must assert an allegation of more than mere negligence to allege a valid claim under 42 U.S.C. 1983... Consequently, Plaintiff's claim of negligence pursuant to Section 1983 must be dismissed." *See id.* at 7.

## C.      Plaintiff's Proposed Amended Complaint

On February 1, 2015, Plaintiff filed a memorandum of law in opposition to Defendants' motions to dismiss the complaint and cross-moved for leave to amend his complaint pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure to "correct any alleged deficiencies in the pleadings." *See* Dkt. No. 11 at 1, 4. In the amended complaint, Plaintiff names the City of Syracuse and the County of Onondaga as Defendants, removes the aforementioned time barred claims, including Plaintiff's original claims of false arrest, false imprisonment, assault, battery, and cruel and inhuman punishment, and inserted a cause of action for malicious prosecution against the City of Syracuse and the County of Onondaga. According to the amended complaint, the malicious prosecution claim arises out of the "same conduct set out in the original Verified Complaint." Specifically, Plaintiff argues that

> (i) since the original Verified Complaint sets forth clearly the facts
> that comprise a prima facie case of malicious prosecution, (ii) since
> the proposed amended complaint does not allege a new and distinct
> set of factual allegations, (iii) since no prejudice will accrue to
> either the City of Syracuse or the County of Onondaga, (iv) since
> these defendants were placed on notice of the nucleus of operative
> facts through the service of the original Verified Complaint, and (v)
> since the original Verified Complaint was filed before the
> expiration of the applicable three year statute of limitation, Maddox
> should be permitted to amend his complaint to assert the count for
> malicious prosecution as the proposed amended complaint relates
> back to the date of the original pleading, August 30, 2014. Maddox

> sought in the original complaint, and seeks in the proposed
> amended complaint, to recover damages for violations of his federal
> rights– this focus has not changed. *See Tiller v. Atlantic Coast Line
> Railroad Co.*, 323 U.S. 574 (1945).

Dkt. No. 11 at 10.

On February 4, 2015, the City and County Defendants filed reply memoranda of law in response to Plaintiff's motion for leave to amend. The City Defendants assert that Plaintiff's motion to amend should be denied due to undue delay and dilatory motive. *See* Dkt. No. 14-1. The County Defendants assert that Plaintiff's proposed amended complaint "fails to allege any facts which would set forth a cognizable claim against the County of Onondaga." *See* Dkt. No. 13-1 at 5. Specifically, the County Defendants claim that: (1) the County of Onondaga cannot be held liable for malicious prosecution, (2) Plaintiff's allegations concerning injuries suffered while he was held at the Justice Center are beyond the three-year statute of limitations period for Section 1983 actions, (3) Plaintiff's claims concerning the Fifth and Fourteenth Amendment are meritless and futile, and (4) Plaintiff's *Monell* claim against the County of Onondaga must be dismissed as Plaintiff "can allege no Constitutional violation." *See* Dkt. No. 13-1 at 5-8.

### III. RELEVANT LEGAL STANDARDS

"A party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District Courts have broad discretion to grant or deny an opportunity to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15(a), a motion to amend a pleading should only be denied, "if there is an 'apparent or declared reason — such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or]

futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel Known as "New York"*, 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (other citation omitted); *accord Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citation omitted). An amendment of a pleading is considered "futile" when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 468 (E.D.N.Y. 1998), *aff'd*, 205 F.3d 1327 (2d Cir. 2000). Since Defendant has responded to the proposed amended complaint, "the merits of the motion will be considered in light of the proposed amended complaint." *Claes v. Boyce Thompson Inst. for Plant Research*, No. 5:14-CV-774, 2015 WL 831949, *3 (N.D.N.Y. Feb. 27, 2015).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

## IV. DISCUSSION

### A.    Undue Delay

In general, "permission to amend should be freely granted." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citing *Foman v. Davis*, 371 U.S. at 182). Courts may deny a party's motion for leave to amend a pleading "where the motion is made after an inordinate delay." *Id.* "When a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Id*. (citations omitted). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the

right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted).

Here, the City Defendants argue that "Plaintiff filed his complaint on August 29, 2014, more than three years after his June 3, 2011 arrest that is the subject of this lawsuit. Plaintiff then served the City Defendants on December 30, 2014, four months after filing the complaint. Plaintiff now requests leave to amend nearly six months after filing his original complaint..." *See* Dkt. No. 14-1 at 6. Although Plaintiff moved to amend nearly six months after the filing of his original complaint, this alone does not constitute an undue delay. On November 25, 2014, Magistrate Judge Dancks adjourned the Rule 16 Conference set for December 3, 2014 and granted Plaintiff an extension of time to serve the complaint until December 31, 2014. As such, Plaintiff's cross motion to amend his original complaint followed within less than two months of service of the complaint upon Defendants. Courts in the Second Circuit have found that similar and even longer delays are insufficient to warrant denial of leave to amend. *See*, *e.g., Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (holding that a three year delay from the filing of the initial complaint was a factor to be considered but, in the absence of bad faith or prejudice to the opposing party, delay alone was insufficient to deny relief); *see also Catapano v. Western Airlines, Inc.*, 105 F.R.D. 621, 623 (E.D.N.Y. 1985) (stating that a period of one year between the plaintiff's filing of the original complaint and the plaintiff's motion to amend is not enough to constitute undue delay). Further, the procedural status of this case is distinguishable from cases which courts in the Second Circuit typically regard as requiring satisfactory explanations for the delay. *See Smith v. City of New York,* 611 F. Supp. 1080, 1093 (S.D.N.Y. 1985) (explaining that amendments requested "not at pretrial, but literally on the eve of trial" place a "heavy burden of persuasion" on the plaintiff to explain and justify the delay); *see*

*also Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 Civ. 2800, 2006 WL 3833440, *4 (S.D.N.Y. Dec. 29, 2006) (stating that motion for leave to amend is often denied when discovery has been completed and post-discovery motions have been submitted).

Based on the foregoing, the Court finds that, because the motion to amend has been made relatively early in the proceedings, there has been no undue delay in seeking the amendment.

**B.     Bad Faith**

Under Rule 15(a), a moving party's dilatory motive can also provide a basis to deny that party's motion to amend. *See Am. Med. Ass'n*, 2006 WL 3833440 at *4 (citing *Foman v. Davis*, 371 U.S. at 182).

Here, the City Defendants assert that Plaintiff's cross motion to amend his complaint should be denied "given that Plaintiff has filed his motion to amend the complaint solely to prevent the Court from granting the City and County Defendants' motions to dismiss." *See* Dkt. No. 14-1 at 8.  While it is true that Plaintiff's motion to amend was filed after the City Defendants filed a motion to dismiss, the Court disagrees with the City Defendant's' assertions.  As Plaintiff correctly states, the "proposed amended complaint does not allege a new and distinct set of factual allegations," but rather arises out of the same nucleus of operative facts set out in the original pleading. *See* Dkt. No. 11 at 10.  Under Rule 15(a), "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. at 182.  Further, the central focus of Plaintiff's request for relief – the "recovery of damages for violations of his federal rights" – remains unchanged in his proposed amended complaint. *See* Dkt. No. 11 at 10.  Rather, Plaintiff seeks leave to amend to cure deficiencies in his original complaint.  In light of

this, the Court finds that Plaintiff's cross motion to amend is not being made in bad faith or with a dilatory motive.

**C.      Undue Prejudice to Defendants**

A party's motion for leave to amend the pleadings may be denied when the proposed amendment would cause undue prejudice to the nonmoving party. *See Foman*, 371 U.S. at 182. The burden is on the party opposing the motion to establish that "'granting such leave would be unduly prejudicial.'" *Breyette v. Amedore*, 205 F.R.D. 416, 418 (N.D.N.Y. 2002) (citing *State of New York v. Panex Indus., Inc.*, No. 94–CV–0400E, 1997 WL 128369, *2 (W.D.N.Y. Mar. 14, 1997)). In determining what constitutes prejudice, courts consider whether the assertion of the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* (citation and internal quotations omitted).

Here, Defendants do not attack Plaintiff's motion for leave to amend on the ground of undue prejudice. The City Defendants concede that "Plaintiff incorporates most of his alleged facts from the original complaint into the proposed amended complaint." *See* Dkt. No. 14-1 at 6. As such, Defendants had sufficient notice of the facts underlying a malicious prosecution cause of action, which weighs in favor of granting Plaintiff's motion for leave to amend. *See Murphy v. Suffolk Cnty. Cmty. Coll.*, No. 10–CV–0251, 2011 WL 5976082, *3 (E.D.N.Y. Nov. 29, 2011) (citing *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275 (2d Cir. 2000)). The Court finds that, because the motion to amend has been made at a relatively early stage of the proceeding (*i.e.*, less than two months after Defendants were served with the complaint and

before discovery has commenced), and Defendants were on notice of the facts supporting the proposed amended complaint, Defendants will not suffer undue prejudice.

**D.    Futility**

"In addition to undue delay, bad faith, and undue prejudice, a court may exercise its discretion to deny a party's motion to amend a pleading when the proposed amendment would be futile." *Am. Med. Ass'n*, 2006 WL 3833440, at *7 (citing *Foman*, 371 U.S. at 182).  As explained above, an amendment is considered futile if it could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

In opposing Plaintiff's cross motion, the County Defendants argue that Plaintiff's request to amend the pleadings against the County of Onondaga should be denied on the grounds that the proposed amendments are "futile and have no merit."  *See* Dkt. No. 13-1 at 4.  In essence, the County Defendants' arguments constitute challenges to Plaintiff's cause of action for malicious prosecution, Plaintiff's allegations concerning injuries he suffered at the Justice Center, Plaintiff's allegations of violations of the Fifth Amendment and the Fourteenth Amendment, and Plaintiff's *Monell* claim.  As discussed below, the Court agrees with the County Defendants that amended would be futile as to Plaintiff's claims set forth in the proposed amended complaint.  As to the City Defendants, however, the proposed amendment would not be futile.

**E.    The County Defendants' Challenge to Plaintiff's Claims of Malicious Prosecution**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983).  Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent

damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481, *reh. denied*, 445 U.S. 920, 100 S. Ct. 1285, 63 L. Ed. 2d 606 (1980)). As such, for a plaintiff to recover in a section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id.* (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)) (other citation omitted).

The statute of limitations applicable to Section 1983 claims is the "statute of limitations applicable to personal injuries occurring in the state in which the appropriate federal court sits." *Dory v. Ryan*, 999 F.2d 679, 681 (2d Cir. 1993) (citations omitted). In New York State, the statute of limitations for personal injury claims is three years. N.Y. Civ. Prac. L. § 214(5); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (holding that Section 1983 claims arising in New York are subject to a three-year statute of limitations). Further, accrual begins when the plaintiff "knows or has reason to know of the injury that is the basis for his action." *Pauk v. Bd. of Trustees of City Univ. Of New York,* 654 F.2d 856, 859 (2d Cir. 1981) (citation omitted).

"The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person – i.e., the right to be free of unreasonable or unwanted restraints on personal liberty." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995). To assert a Fourth Amendment claim for malicious prosecution under Section 1983, a plaintiff must show a deprivation of his or her liberty consistent with the concept of "seizure," so as to ensure that the harm suffered is of "constitutional proportions." *Id.*

The elements of malicious prosecution under Section 1983 effectively mirror the elements of the same claim under New York law. *See Hygh v. Jacobs*, 961 F.2d 359, 366 (2d Cir. 1992) (citations omitted). Accordingly, to state a cause of action for malicious prosecution in New York, the plaintiff must prove "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003) (quotation omitted). To sustain the malicious prosecution claim under section 1983, "the state law elements must be met, and there must also be a showing of a 'sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights.'" *Rutigliano v. City of New York*, 326 Fed. Appx. 5, 8-9 (2d. Cir. 2009) (quotation omitted).

"The requirement that a plaintiff show an initiation or continuation of a criminal proceeding by the defendant may be satisfied by a showing that the defendants filed formal charges and caused the plaintiff to be arraigned." *Phillips v. DeAngelis*, 571 F. Supp. 2d 347, 353 (N.D.N.Y. 2008) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Cook v. Sheldon*, 41 F.3d 73, 79 (2d Cir. 1994); *Damiano v. City of Amsterdam*, 466 F. Supp. 2d 456, 463 (N.D.N.Y. 2006)).

In this case, the County Defendants argue that "no one was present when the arrest was made. Neither the Onondaga County Sheriff nor any of his subordinates effectuated the arrest or were even present when the arrest occurred . . . Consequently, the County of Onondaga did not initiate any criminal proceedings against Plaintiff." Rather, the County Defendants assert that Plaintiff has alleged that the City Defendants initiated criminal proceedings by locating Plaintiff at his home and effectuating his arrest. *See* Dkt. No. 11-2 at 3. Moreover, in their reply, the

County Defendants contend that the County of Onondaga cannot be held liable for malicious prosecution for the actions of the Onondaga County District Attorney's Office because, after the arrest by the Syracuse PD, any decisions by the District Attorney's Office to initiate and continue proceedings are shielded by prosecutorial immunity. The Court agrees that Plaintiff has failed to plead a plausible malicious prosecution claim against the County Defendants and, therefore, amendment of the complaint as to this claim would be futile.

First, to the extent that Plaintiff's malicious prosecution claim against the County is seeking to challenge the actions of the District Attorney, the claims are barred by absolute immunity. "It is by now well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' 'is immune from a civil suit for damages under § 1983.'" *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quotations omitted). Moreover, a county cannot be held liable for the acts of a district attorney related to decisions to prosecute or not prosecute an individual because the district attorney represents the State and not the county. *See Martin v. County of Suffolk*, No. 13-CV-2104, 2014 WL 1232906, *5 (E.D.N.Y. Mar. 26, 2014) (citations omitted); *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1154 n.15 (2d Cir. 1995). Although a county can be held liable based upon its "'long history of negligent disciplinary practices regarding law enforcement personnel, which gave rise to the individual defendants' conduct in promoting the malicious prosecution of plaintiffs[,]'" Plaintiff has not plausibly alleged such a history of negligent conduct. *Myers v. County of Orange*, 157 F.3d 66, 77 (2d Cir. 1998) (quotation omitted).

Moreover, neither the complaint nor amended complaint plausibly allege that the County Defendants initiated or continued the criminal proceedings. Neither the Sheriff nor any of his subordinates are alleged to have effected the arrest or were even present at the scene. Rather,

Plaintiff alleges that he was arrested by the Syracuse PD.  The only allegations regarding the County Defendants are that Plaintiff was initially detained at the County Justice Center and, when he could not post bail, he was held there for an additional six days.  As the County Defendants correctly assert, at no time during the alleged six days that Plaintiff was detained because of his inability to post bail could the County and/or Sheriff have released Plaintiff.  Rather, they were required by law to detain Plaintiff until a court of competent jurisdiction ordered his release.  As such, justification existed for the for the County Defendants' continued detention of Plaintiff.  *See Caidor v. M&T Bank*, No. 5:05-CV-297, 2006 WL 839547, *5 n.13 (N.D.N.Y. Mar. 27, 2006) (finding that the county defendants had justification for the continued detention of the plaintiff after his arrest by Syracuse police officers since there was no judicial order directing his release) (citing N.Y. Corr. Law § 500-c(4), (6)).

Based on the foregoing, the Court finds that the proposed amended complaint fails to state a cause of action for malicious prosecution against the County Defendants.  The City Defendants have not addressed the merits of this cause of action in their reply and opposition to Plaintiff's motion to amend.  Rather, they simply argue that Plaintiff failed to address the arguments in their initial motion and assert that Plaintiff's cross motion should be denied because of undue delay, bad faith, and undue prejudice.  *See* Dkt. No. 14-1.  Despite this, the Court has reviewed the malicious prosecution claim in Plaintiff's proposed amended complaint as it relates to the City Defendants and finds that Plaintiff has plausibly alleged this claim.  As such, the Court will accept for filing the proposed amended complaint as to the malicious prosecution claim asserted against the City Defendants.[2]

---

[2] In the context of a claim for malicious prosecution, accrual occurs upon the termination of proceedings in plaintiff's favor. *See Bezzera v. County of Nassau*, 846 F. Supp. 214, 218-19 (E.D.N.Y. 1994) (citing *Conway v. Village of Mt. Kisco, N.Y.*, 750 F.2d 205, 212 (2d Cir. 1984);

**F.      The County Defendants Challenge to Plaintiff's Fifth and Fourteenth Amendment claims**

The County Defendants assert that Plaintiff's Fifth Amendment and Fourteenth Amendment claims should be dismissed and that Plaintiff's proposed amended complaint is meritless. *See* Dkt. No. 13-1 at 9. The County Defendants argue that the Fifth Amendment solely governs the conduct of federal government and federal employees, and does not regulate the activities of state officials or state actors. *See id.* As such, the County Defendants state that "Plaintiff fails to allege a cause of action under the Fifth Amendment because he has not named a United States government agency or employee." *See* Dkt. No. 10-2 at 9. Further, the County Defendants claim that Plaintiff cannot state a cause of action under the Fourteenth Amendment for malicious prosecution because the "Fourth Amendment was drafted to address the issues of pretrial deprivations of liberty" and that, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *See* Dkt. No. 10-2 at 10 (internal quotation marks omitted).

Having reviewed the relevant case law on this point, the Court agrees with the County Defendants that Plaintiff's Fifth and Fourteenth Amendment causes of action should be dismissed. Specifically, the Court finds that, since Plaintiff's lawsuit does not allege a deprivation of his rights by the federal government, any due process claim he has against the Defendants is properly brought under the Due Process Clause of the Fourteenth Amendment, not under that of the Fifth Amendment. *See Mitchell v. Home*, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005) (holding that

---

*Singleton v. City of New York*, 632 F.2d 185, 190 (2d Cir. 1980). For purposes of the statute of limitations governing a Section 1983 malicious prosecution claim, accrual occurred in Plaintiff's case on August 30, 2011. As such, unlike the claims in the original complaint relating to Plaintiff's arrest and unlawful detention, Plaintiff's claim for malicious prosecution is timely.

"[t]he Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials. Any due process rights plaintiff enjoys as against state government officials . . . arise solely from the Fourteenth Amendment due process clause" (internal citation omitted)). Further, the Court agrees with the County Defendants' assertions regarding Plaintiff's Fourteenth Amendment cause of action. Under *Albright*, the Fourteenth Amendment right to substantive due process does not support a federal claim for malicious prosecution. *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 114 (2d Cir. 1995) Rather, the proper avenue of constitutional protection for Plaintiff's cause of action for malicious prosecution exists in the Fourth Amendment. *See id.* at 116; *see also Simons v. New York*, 472 F. Supp. 2d 253, 265 (N.D.N.Y. 2007) (holding that "since the Fourth Amendment provides an explicit textual source of protection against pretrial deprivations of liberty, including false arrest and malicious prosecution, it is the proper guide for analyzing plaintiff's constitutional claims, not the Fourteenth Amendment"). Accordingly, Plaintiff's causes of action under the Fifth and Fourteenth Amendments are dismissed.

## G.     The County Defendants challenge to Plaintiff's claim for injuries he sustained while in confinement

Plaintiff's original and proposed amended complaints are less than clear in regard to the injuries he sustained while in confinement at the Justice Center. To the extent that Plaintiff is alleging the denial of medical care, the only allegations in his complaint that could form the basis of such a claim arise from Plaintiff's time spent in confinement at the Justice Center. Based on the facts asserted by Plaintiff in his original and proposed amended complaint, the conduct underlying his claim of denial of medical care occurred between June 3, 2011 and June 9, 2011. Therefore, any injury Plaintiff sustained due to a denial of medical care accrued at some point between June 3, 2011 and June 9, 2011. *See Merrihew v. The Town of Ulster*, No. 1:04-CV-1027,

2005 WL 1660113, *2 (N.D.N.Y. July 7, 2005) (holding that the statute of limitations for a denial of medical care claim accrued at the time that the plaintiff requested and was denied medical care while in the custody of a police officer); *Best v. Bell*, No. 13–CV–0163, 2014 WL 1316773, *7 (S.D.N.Y. Mar. 28, 2014) (holding that the statute of limitations for a denial of medical care claim accrued on the date of the final denial of medical care).  As such, since Plaintiff commenced this action on August 29, 2014, the claims regarding the denial of medical care are time barred.

H.      **The County and City Defendants' arguments that Plaintiff's *Monell* claim must be dismissed**

The County Defendants argue that Plaintiff's *Monell* claim against the County of Onondaga must be dismissed because "Plaintiff can allege no Constitutional violation against the County of Onondaga."  *See* Dkt. No. 13-1 at 8.  The Court agrees.  As stated above, Plaintiff has failed to set forth a malicious prosecution claim against the County Defendants.  Moreover, the only allegations relating to the County Defendants occurred between June 3 and June 9, 2011.  As such, any alleged unconstitutional conduct occurred outside the three-year statute of limitations.

The City Defendants assert in their Memorandum of Law that "all of Plaintiff's claims alleged in his Complaint against the City Defendants are time-barred.  Consequently, because there are no underlying constitutional violations remaining, Plaintiff's municipal liability claim against the City of Syracuse must be dismissed as well..."  *See* Dkt. No. 9-2 at 14.

As discussed above, Plaintiff has plausibly alleged a timely malicious prosecution claim against the City Defendants in the proposed amended complaint.  As such, the Court denies the City Defendants' motion to dismiss Plaintiff's *Monell* claim as it relates to the malicious prosecution claim and grants Plaintiff's cross motion to amend as it relates to this claim.

### V. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's cross motion for leave to amend is **GRANTED in part**; and the Court further

**ORDERS** that Defendants' motions to dismiss and oppositions to the cross motion to amend are **GRANTED in part and DENIED in part**;[3] and the Court further

**ORDERS** that the County Defendants are **DISMISSED** from this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  July16, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Plaintiff's cross motion to amend is granted only as to the alleged malicious prosecution claim against the City Defendants.  Plaintiff shall file his amended complaint within ten days of the filing date of this Memorandum-Decision and Order.